UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mission Technologies, Inc., | Civ. No. 22-2883 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| STMicroelectronics, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Transfer.[1] (Docket No. 7.) For the following reasons, the Motion is granted.

**BACKGROUND**

On January 1, 2022, Plaintiff Mission Technologies, Inc. ("Mission Tech"), entered into a one-year sales agreement with Defendant STMicroelectronics, Inc. ("ST"), in which Mission Tech agreed to promote the semiconductors that ST manufactures and sells to distributors and manufacturers in Minnesota, Iowa, South Dakota, North Dakota, and western Wisconsin, and ST agreed to pay Mission Tech commissions for its sales. (Larson Decl. (Docket No. 11) ¶¶ 3, 4.)

On August 1, 2022, ST informed Mission Tech in writing that it sought to terminate the agreement 30 days after Mission Tech received the letter, thus ending the parties' contract four months early. (Kennedy Decl. (Docket No. 18) ¶ 9.) On August

---

[1] ST moved to dismiss this matter under Rule 12(b)(3) or (6) or alternatively to transfer it under 28 U.S.C. § 1404(a). However, ST acknowledged in its reply memorandum and at the hearing that a motion to transfer is the proper vehicle for the relief sought. (Docket No. 21 at 2.)

19, 2022, Mission Tech's counsel replied to ST, invoking the Minnesota Termination of Sales Representatives Act ("MTSRA"), Minn. Stat. § 325E.37, to argue that ST was required to provide good cause, notice, and the opportunity to cure before terminating the agreement. (Neve Decl. (Docket No. 19) Ex. 1.) Mission Tech's counsel alleged that ST failed to comply with these aspects of the statute. (Id.) ST's in-house counsel responded that a Texas court would not enforce the MTSRA, because Texas law governs the parties' agreement, and that agreement requires that all disputes be brought in either the Northern District of Texas or Dallas County, Texas. (Id. Exs. 2, 4.) ST also denied that ST owes Mission Tech any outstanding commissions. (Id.) Throughout August 2022, Mission Tech continued to solicit orders for ST. (Kennedy Decl. ¶ 10.)

Mission Tech thereafter initiated this lawsuit, alleging that ST violated the MTSRA and Minnesota law requiring the payment of sales commissions, and raising unjust enrichment and declaratory judgment claims. Mission Tech seeks damages in the form of lost commissions, statutory penalties, and attorney's fees. ST asks the Court to transfer this matter to the Northern District of Texas under 28 U.S.C. § 1404(a).

**DISCUSSION**

Because the forum-selection clause at issue allows for venue in a Texas federal court, it is "enforced through a motion to transfer under § 1404(a)." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28

2

U.S.C. § 1404(a).

"In general, federal courts give considerable deference to a plaintiff's choice of forum." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997). However, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In that instance, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests," as they previously agreed to litigate in a specified forum. Atl. Marine Const. Co., at 63-64. The plaintiff, as the party flouting the chosen forum, bears the burden of demonstrating the public-interest factors merit transfer. Id. at 67. Such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement. Id. at 62, 64.

When faced with a motion to transfer under § 1404(a), the Court engages in a three-step inquiry. First, the Court must determine whether the District Court of Minnesota is a proper venue, without regard to the forum-selection clause. This is because "[s]ection 1404(a) applies only if the initial federal forum is a proper venue," pursuant to 28 U.S.C. § 1391. See Alan Wright, et al., 14D Fed. Prac. & Proc. Juris. § 3829 (4th ed.). The parties do not dispute that, in the absence of the agreement's forum-selection clause, the District of Minnesota is a proper venue for this litigation. Thus, the first § 1404(a) inquiry is satisfied.

Second, the Court must determine the validity of the forum-selection clause. "If the clause is valid, then third and finally, the Court must weigh a series of factors to

3

determine the enforceability of the clause." Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc., 88 F. Supp. 3d 1034, 1040-41 (D. Minn. 2015) (Nelson, J.). Although the parties entered into the agreement on January 1, 2022, Mission Tech argues that the August 2022 amendment to the MTSRA governs, and thus that the forum-selection clause is both invalid and unenforceable.

In August 2022, the Minnesota legislature amended the MTSRA to prohibit a party from including "a choice of venue in any other state" in a sales agreement. Minn. Stat. § 325E.37, subd. 7 (effective Aug. 1, 2022). But this amendment, which went into effect on the day ST notified Mission Tech that it sought to terminate their sales agreement, does not apply retroactively. See Act of May 9, 2022, Ch. 51, § 1, 2022 Minn. Laws 3254 ("This section is effective August 1, 2022, and applies to sales representative agreements entered into, renewed, or amended after that date."). The version of the MTSRA in effect when the parties entered into the agreement did not include any prohibition on a choice-of-venue clause; rather, it stated only that no party to a sales agreement can "circumvent compliance with the[e statute]" by including: "(1) an application or choice of law of any other state; or (2) a waiver of any provision of this section," and that "[a]ny term or provision . . . [that purports to do so] is void and unenforceable." Minn. Stat. § 325E.37, subd. 7 (effective April 11, 2014). Therefore, Mission Tech's argument that the MTSRA's choice-of-venue-clause prohibition applies to the sales agreement at issue fails.

Mission Tech's additional arguments that the August 2022 MTSRA amendment applies to its sales agreement with ST likewise fail. Mission Tech contends that

4

legislative intent supports that the amendment was intended to "clarify" the law and thus retroactively apply the prohibition on forum-selection clauses, but the MTSRA states that the amendment only "applies to sales representative agreements entered into, renewed, or amended after" August 1, 2022.  Act of May 9, 2022, Ch. 51, § 1, 2022 Minn. Laws 3254.  Further, although Mission Tech argues that ST's purported termination of the contract on August 1, 2022, was an amendment that makes the MTSRA's choice-of-venue prohibition applicable, Mission Tech provides no law to support that terminating a sales agreement amends it.

Additionally, Mission Tech's argument that ST renewed the sales agreement on August 1, 2022, by purporting to terminate it also fails.  The MTSRA states that a sales agreement is renewed either if the agreement:  (1) expires and the entities continue doing business or (2) is for an indefinite period and the sales representative continues to solicit orders.  1991 Minn. Laws Ch. 190 § 2(a).  Neither of those classifications apply to the parties' agreement here, because ST purported to terminate the agreement before it expired and the agreement was for a specified period in the first instance.  Thus, Mission Tech's argument that ST "renewed" the sales agreement is unfounded.

Since 2014, the MTSRA has prohibited choice-of-law provisions that circumvent its terms.  Minn. Stat. § 325E.37, subd. 7.  Thus, another court in this District found that waiving the MTSRA's protections is counter to Minnesota public policy, and therefore the court would not "honor[] contractual choice-of-law provisions for sales agreements." Hedding o/b/o Hedding Sales & Serv. v. Pneu Fast Co., Civ. No. 18-1233, 2019 WL 79006, at *4 (D. Minn. Jan. 2, 2019) (Tunheim, J.).  Indeed, the "Minnesota legislature's

clear intent [is] 'to prioritize the [MTSRA]'s protections' for the rights of sales representatives 'over parties' choice-of-law' provisions,' and prevent parties from circumventing the [MTSRA]'s notice provisions." Engineered Sales, Co. v. Endress + Hauser, Inc., 980 F.3d 597, 601 (8th Cir. 2020) (quoting Hedding, 2019 WL 79006, at *4). But there was no forum-selection clause at issue Hedding or Engineered Sales. Thus, these cases fail to persuade that the forum-selection clause is not valid or enforceable.

Finally, Mission Tech claims that ST seeks to move this case to Texas to evade the protections that Minnesota provides for sales representatives, because ST's in-house counsel indicated that a Texas court would not apply the MTSRA to the agreement. (Neve Decl. Exs. 2, 4.) But Mission Tech's mere concern that a federal court in Texas will not conduct the appropriate conflict-of-laws analysis to determine whether the MTSRA applies or whether the Texas choice-of-law provision stands is not sufficient to preclude transferring this matter. Federal courts frequently consider the laws of other jurisdictions and apply them appropriately. Indeed, the Supreme Court has held that "§ 1404(a) should not deprive parties of state-law advantages that exist absent diversity jurisdiction" and that "a transferee forum [must] . . . apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." Ferens v. John Deere Co., 494 U.S. 516, 523 (1990).

The Court notes that Mission Tech's position contains an "inherent inconsistency," because Mission Tech seeks "to foist the Agreement onto [ST] while at

6

the same time avoiding application of . . . the Agreement's [forum-selection clause]." Ferguson-Keller Assocs., Inc. v. Plano Molding Co., LLC, 274 F. Supp. 3d 916, 919-20 (D. Minn. 2017) (Magnuson, J.).  In sum, the § 1404(a) factors, along with the forum-selection clause, weigh in favor of transferring this case to the Northern District of Texas. Thus, it is appropriate to defer to the transferee court the determination of whether the MTSRA's protections apply to Mission Tech's claims.

**CONCLUSION**

Defendant's Motion to Transfer is granted.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant's Motion to Transfer (Docket No. 7) is **GRANTED**; and

2. This action is **TRANSFERRED** to the United States District Court for the Northern District of Texas.  The Clerk of Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

Dated: Wednesday, February 22, 2023

*s/ Paul A. Magnuson*
The Hon. Paul A. Magnuson
United States District Court Judge